IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Julia Niebrzydowski | ) |
|        Plaintiff. | ) |
|    v. | ) |
| | ) |
| Gonzalez Law Group, P.C. and Daniel Gonzalez, | ) |
| | ) |
|        Defendants. | ) |

**Complaint at Law**

**Now Comes** Plaintiff Julia Niebrzydowski ("Plaintiff" or "Plaintiffs") by her attorneys Dore Law Offices LLC, and in complaining of the Defendants Gonzalez Law Group, P.C. and Daniel Gonzalez, individually, (cumulatively "Defendants"), states:

**Introduction**

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/4 ("IWPCA"), for Defendants' failure to pay Plaintiff earned minimum and overtime wages and failure to reimburse Plaintiff's expenses incurred while she was Defendants' employee. Plaintiff seeks redress for Defendants' failure to compensate them for all time worked and wages earned. Plaintiff also presents a breach of contract count related to Defendants' breach of an employment contract.

2. Defendants' unlawful compensation practices have, and have had, the effect of denying Plaintiff her earned and living wages.

**Parties, Jurisdiction, and Venue**

3. Federal question jurisdiction is invoked pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b) for Count 1. Supplemental jurisdiction over Plaintiff's Illinois statutory and common law claims in Counts 2-4 is invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because, upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

5. Plaintiff resides in, is domiciled in, and was employed by Defendants in this judicial district; Plaintiff is a duly licensed attorney in the state of Illinois.

6. During the course of her employment, Plaintiff was an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., the IMWL, 820 ILCS 105/1 et seq., and the IWPCA, 820 ILCS §115/1 et seq.

7. Defendant Gonzalez Law Group, P.C. is an Illinois professional corporation doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A); Defendant Gonzalez Law Group, P.C. operates as a law firm.

8. Defendant Gonzalez Law Group, P.C. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA.

9. Defendant Daniel Gonzalez is the owner and president of Defendant Gonzalez Law Group, P.C. and is involved in the day-to- day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

10. Defendant Daniel Gonzalez was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the IWPCA

11. Upon information and belief, Defendant Daniel Gonzalez resides and is domiciled in this judicial district.

**Coverage**

12. During all relevant periods, Defendants employed two or more employees in this judicial district.

13. Upon information and belief, Defendants had an annual dollar volume of sales or business done of at least $500,000.00.

14. In Defendants' business operations, Plaintiff's work involved: regularly preparing electronic and/or paper correspondence to be sent out-of-state, regularly received electronic and/or paper correspondence from out-of-state, regularly making telephone calls to persons located in other states, preparing billing records related to services provided to Defendants' out-of-state clients, and preparing records related to expenses incurred on behalf of Defendants' out-of-state clients.

15. As an employee of Defendants, Plaintiff was engaged in interstate commerce.

**Facts**

16. Plaintiff was Defendants' employee between approximately October 2019 and January 2020 at the address commonly known as 1904 South Cicero Avenue, in the town of Cicero, Illinois.

17. As part of her employment with Defendants, Plaintiff practiced as an attorney, providing legal services to Defendants' clients.

18. In October 2019, Defendants agreed to remit $36.00 per hour as wages to Plaintiff. Attached as Exhibit A is a true and accurate copy of Plaintiff's Employment Agreement with Defendants ("Employment Agreement"); Ex. A is incorporated herein.

19. In January 2020, Defendants employed Plaintiff as an attorney at their law firm; Plaintiff worked for 70 hours from January 1, 2020 through January 15, 2020; Plaintiff worked 90 hours from January 16, 2020 through January 29, 2020.

20. Despite employing Plaintiff in January 2020, Defendants failed to remit wages to her for her work provided during such time.

21. Plaintiff made a written demand for Defendants to provide payment of her wages from January 2020. Attached as Exhibit B is a true and accurate copy of an Email Chain exchanged among the parties in February 2020; Ex. B is incorporated herein.

22. Despite Plaintiff's request, Defendants have willfully refused to pay her wages for a portion of her employment.

23. Defendants' refusal to remit wages for Plaintiff's employment in January 2020 effectively reduced Plaintiff's wage rate to $0 per hour for January 2020.

24. Defendants failed to remit Plaintiff's wages in a timely manner, as required by the FLSA, the IMWL, and the IWPCA.

25. Defendants' failure to remit Plaintiff's wages all for her hours worked is willful.

26. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of her performance.

27. Plaintiff is not an exempt employee under the FLSA, as Defendants failed to compensate her on a salary or fee basis in compliance with the FLSA and 29 C.F.R. Parts § 541.300 and § 541.600.

### Count 1 – Violations of FLSA – Minimum Wage Violations

28. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

29. The FLSA requires employers, including Defendants, to pay at least the federally-mandated minimum wage to their employees unless exempt.

30. Plaintiff is not exempt from the minimum wage provisions of the FLSA.

31. Defendants did not pay Plaintiff at least the federally-mandated minimum wage for certain hours worked; Plaintiff accumulated 150 hours during the weeks from January 11, 2020 through January 29, 2020 for which she has not been paid.

32. Defendants' failure to pay proper wages or the federally-mandated minimum wage to Plaintiff violated the FLSA.

33. Defendants violated the FLSA by refusing to compensate Plaintiff consistent with the minimum wage provisions of the FLSA.

34. Plaintiff is entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay at least the federal minimum wage was a willful violation of the FLSA.

**Wherefore** Plaintiff Julia Niebrzydowski requests that this Honorable Court:

A. Enter a judgment against Defendants in the amount of at least $5,400.00, or an amount representing the wages worked but that Defendants failed to pay;

B. Enter a judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiff by Defendants;

C. Award liquidated damages in an amount equal to unpaid minimum wages;

D. Declare Defendants to be in violation of the FLSA;

E. Award reasonable attorneys' fees and costs; and/or

F. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 2 – Violations of FLSA – Overtime Pay Violations

35. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

36. The FLSA requires employers, including Defendants, to pay at least one-half (1.5) times the regular hourly rate of pay for all hours an employee worked in excess of forty (40) hours in individual workweeks.

37. Plaintiff is not exempt from the overtime wage provisions of the FLSA.

38. Plaintiff was directed by Defendants to work, and did work, in excess of forty (40) hours for the weeks of January 16, 2020 through January 29, 2020;

39. Plaintiff accumulated 10 overtime hours during the weeks of January 16, 2020 through January 29, 2020.

40. Defendants did not compensate Plaintiff at a rate of at least one and one-half (1.5) times her regular hourly rate of pay for all hours worked in excess of forty (40) hours in her individual workweeks.

41. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the FLSA.

42. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

**Wherefore** Plaintiff Julia Niebrzydowski requests that this Honorable Court:

A. Enter a judgment against Defendants in the amount of at least $540.00, or an amount representing the overtime wages worked but that Defendants failed to pay;

B. Enter a judgment in the amount of the difference between the federally-mandated overtime wage rate and the hourly wage paid to Plaintiff by Defendants;

C. Award liquidated damages in an amount equal to unpaid minimum wages;

D. Declare Defendants to be in violation of the FLSA;

E. Award reasonable attorneys' fees and costs; and/or

F. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 3 – Violations of IMWL

43. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

44. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

45. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

46. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for the overtime hours she worked..

47. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

48. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

49. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

50. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

**Wherefore** Plaintiff Julia Niebrzydowski requests that this Honorable Court:

A. Enter a judgment against Defendants in the minimum amount of $5,940.00 representing the wages owed Plaintiff for work that Defendants failed to remit;

B. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the IMWL;

C. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

D. Declare that Defendants have violated the IMWL;

E. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

F. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### Count 4 – Violations of IWPCA

51. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

52. This count arises under the IWPCA, for Defendants' failure and refusal to: a) pay Plaintiff all wages earned during all time worked for Defendants at the rate agreed to by the parties and b) reimburse Plaintiff for necessary expenditures she incurred within her scope of employment and directly related to services performed for Defendants.

53. During the course of employment with Defendants, Plaintiffs had an agreement with the Defendants, within the meaning of the IWPCA, to be compensated for all regular hours worked at the rate of approximately $36.00 per hour. Ex. A.

54. Defendants did not pay Plaintiff for all hours worked, both regular and overtime hours, at the rates agreed to by the parties in Ex. A.

55. Plaintiff was entitled to be compensated for all time worked as agreed between the Plaintiff and the Defendants, and as provided under state and federal law.

56. As part of her employment, Plaintiff incurred expenses within her scope of employment and directly related to services performed for Defendants.

57. Plaintiff's incurred necessary expenses included parking costs, travel costs, filing costs, and mailing costs and are in excess of $861.00.

58. Plaintiff provided documentation related to her incurred necessary expenses to Defendants via Defendants' Smokeball practice system and via email. Ex. B.

59. Plaintiff is entitled to recover owed wages and incurred necessary expenses for as far as ten (10) years prior to the filing of this lawsuit.

60. Defendants' failure to pay Plaintiff for all time worked and failure to reimburse Plaintiff for necessary expenses incurred in the scope of her employment violated the IWPCA.

**Wherefore** Plaintiff Julia Niebrzydowski requests that this Honorable Court:

A.  Enter a judgment against Defendants in the minimum amount of $6,801.00 representing the unpaid wages and necessary expenses owed to Plaintiff as provided by the IWPCA;

B.  Award Statutory damages as provided for by the IWPCA;

C.  Declare that Defendants have violated the IWPCA;

D.  Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

E.  Grant such other and further relief as this Honorable Court deems just and proper.

## Count 5 – Breach of Contract

61. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

62. Defendants agreed to compensate Plaintiff $36.00 per hour as wages for her employment. Ex. A, par. 2.

63. In 2019, Plaintiff worked for at least 306 hours for Defendants.

64. In 2019, Defendants paid Plaintiff at the rate of $34.615 per hour.

65. In 2019, Defendants underpaid Plaintiff in the amount of $423.91.

66. In January 2020, Plaintiff worked for at least 160 hours of services to Defendants' clients; 150 of those hours were regular time at $36.00 per hour and 10 of those hours being overtime hours at $54.00 per hour.

67. For her work in January 2020, Defendants were required to pay Plaintiff $5,940.00. Ex. A.

68. Defendants breached their Employment Agreement with Plaintiff by: a) failing to pay Plaintiff in 2019 at the rate of $36.00 per hour and b) failing to pay Plaintiff for the work she provided in January 2020.

69. Plaintiff performed her obligations under the Employment Agreement.

70. Defendants drafted the parties' Employment Agreement. Ex. A.

71. As a direct and proximate cause of Defendants' breach of the employment agreement, Plaintiff has been damaged in the minimum amount of $6,363.91.

**Wherefore** Plaintiff Julia Niebrzydowski requests that this Honorable Court:

A. Enter a judgment in the minimum amount of $6,363.91 or an amount proven in favor of Plaintiff and against Defendants;

B. Award reasonable attorneys' fees and costs of this action; and

C. Grant such other and further relief as this Honorable Court deems just and proper.

/s/ James M. Dore

**Dore Law Offices LLC**
**James M. Dore (#6296265) and John N. Dore (#0661007)**
*Attorneys for Plaintiff*
134 N. La Salle St., Suite 1208
Chicago, IL 60602
P: 312-726-8401; F: 844-272-4628
E: james@dorelawoffices.com

**Plaintiff requests trial by jury for all counts**